United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITI APARTMENTS INC.; PRIME APARTMENT PROPERTIES, LLC; PRIME APARTMENT PROPERTIES I, LLC; RMSV BAY CITI PROPERTIES I DE, LLC; RMSV BAY CITI PROPERTIES I, LLC; 124 MASON, DE, LLC; TROPHY PROPERTIES, VI, LLC; LRL CITI PROPERTIES I DE, LLC; FRANK LEMBI; WALTER LEMBI; and ANDREW K. HAWKINS,

Plaintiffs,

v.

MARKEL INSURANCE COMPANY; and DOES 1 through 100, inclusive,

Defendants.

_________________________________/

Nos. C 06-5752 CW
C 06-7086 CW

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Defendant Markel Insurance Company moves for summary judgment in these two related actions. Plaintiffs oppose the motions, cross-move in both cases for partial summary judgment and move for leave to file a consolidated first amended complaint (FAC). Defendant opposes Plaintiffs' cross-motion. The matter was heard on May 11, 2007. Having considered all of the papers filed by the

United States District Court
For the Northern District of California

parties, the evidence cited therein and oral argument on the motions, the Court GRANTS Defendant's motions for summary judgment, DENIES Plaintiffs' cross-motion for partial summary judgment, and GRANTS Plaintiffs' motion for leave to file a FAC.

BACKGROUND

This insurance coverage and bad faith action arises out of a commercial general liability insurance policy issued by Defendant to Plaintiffs with policy dates covering December 31, 2005 through December 31, 2006. Plaintiffs are owners, managers, employees or shareholders of residential apartment buildings in San Francisco. In April and August, 2006, Plaintiffs were sued by groups of tenants in two separate wrongful eviction suits. Those underlying suits are Dungca v. Citi Apartments (S.F. Super. Ct. 06-451694) and Moninger v. Citi Apartments (S.F. Super. Ct. 06-454082). The suits alleged the same four causes of action: (1) violation of the San Francisco Rent Ordinance, (2) violation of California Civil Code § 1940.2, (3) and (4) breach of the implied covenant of quiet enjoyment under contract and tort law, (5) nuisance, (6) and (7) breach of the implied warranty of habitability under contract and tort law, (8) negligence, (9) intentional infliction of emotional distress, and (10) unfair business practices. Plaintiffs' Exhibits 2 and 14.

On June 6, 2006, Defendant sent a reservation of rights letter to Plaintiffs indicating that it intended to represent them in the Dungca suit, but that it reserved its right to limit its indemnification to the policy period and limits. Plaintiffs contended that Defendant's reservation of rights created a conflict

United States District Court
For the Northern District of California

of interest entitling them to independent counsel under California Civil Code § 2860. Defendant disagreed and continued to assert that there was no conflict of interest sufficient to trigger the right to independent counsel.

After exchanging several letters with Defendant, reiterating their arguments for the right to independent counsel, Plaintiffs filed the suit based on the Dungca action on September 16, 2006. They filed their suit based on the Moninger action on November 15, 2006, after receiving Defendant's reservation of rights letter in that case on September 28, 2006. Plaintiffs seek compensatory damages, reimbursement, and costs and fees based on their breach of contract, declaratory relief, bad faith and reimbursement claims in each suit. Defendant's motion for summary judgment argues that there were no conflicts of interest entitling Plaintiffs to independent counsel. In the alternative, Defendant moves for summary judgment on the bad faith claim, arguing that there was a genuine dispute regarding its duty to provide independent counsel. Plaintiffs cross-move for partial summary judgment, arguing that they were entitled to independent counsel as a matter of law. In the alternative Plaintiffs move to continue Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 52(f).

After these cases were filed, Defendant's counsel settled both of the underlying actions on behalf of Plaintiffs. Plaintiffs also seek to file a consolidated amended complaint that includes allegations regarding those settlements.

United States District Court
For the Northern District of California

LEGAL STANDARD

I. Summary Judgment

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods. Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir.

United States District Court
For the Northern District of California

2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Id.

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id.

This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. Id.; see also Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991). Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case. UA Local 343, 48 F.3d at 1471. The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." Id. This standard does not change merely because resolution of the relevant issue is "highly fact specific." Id.

II. Leave to File a First Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)

United States District Court
For the Northern District of California

(citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. See, e.g., Acri, 781 F.2d at 1398-99; Guthrie v. J.C. Penney Co., 803 F.2d 202, 210 (5th Cir. 1986). The party opposing the motion bears the burden of showing prejudice. See DCD Programs, 833 F.2d at 186; Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

United States District Court
For the Northern District of California

DISCUSSION

I. Summary Judgment

A. Entitlement to Independent Counsel

Under California law, "If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured," the insurer must do so unless the insured expressly waives in writing its right to independent counsel. Cal. Civ. Code § 2860(a). Further, "a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however when an insurer reserves its rights on a given issue and the outcome for that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist." Cal. Civ. Code § 2860(b).

Plaintiffs contend that the terms of the policy and Defendant's reservation of rights letters in the two underlying cases created conflicts of interest entitling them to independent counsel pursuant to § 2860 for several reasons.

1. Exclusion for any act committed "with the knowledge that the act would violate the rights of another"

Plaintiffs first argue that the policy exclusion for personal and advertising injury "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury" creates a conflict of interest under California Civil Code § 2860. Plaintiffs' Exhibit 1 at 5. Plaintiffs characterize this exception

United States District Court
For the Northern District of California

as one for intentional conduct and therefore argue that this is a classic case of a need for independent counsel.

In San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc.,[1] the California Court of Appeal held,

> Opposing poles of interest are represented on the one hand in the insurer's desire to establish in the third party suit [that] the insured's liability rested on intentional conduct, and thus [there was] no coverage under the policy, and on the other hand in the insured's desire to obtain a ruling [that] such liability emanated from the non-intentional conduct within his insurance coverage.

162 Cal. App. 3d 358, 364 (1984) (internal quotations omitted). Defendant acknowledges the classic Cumis situation but argues that the exclusion in its policy, which it characterizes as a knowledge exclusion, does not create a conflict of interest for two reasons.

First, Defendant argues that it did not reserve its rights under that provision and, if anything, its failure to do so constitutes a waiver of the right to seek reimbursement under the exclusion. Plaintiffs argue that Defendant included general reservations, stating that it reserved the right "To assert any and all bases for the denial of coverage under the policy, at law, or in equity, regardless of whether or not such bases have been set forth in this letter." Plaintiffs' Exhibits 7 & 16.

In support of its argument that failure to assert a specific exclusion constitutes a waiver of its rights under that exclusion,

---

[1]Cumis is the case that established the right to independent counsel when there is a conflict of interest between the insurer and insured in defending an action against an insured based on the insurance policy's coverage. Many courts refer to the independent counsel in situations such as this as "Cumis counsel." In 1987, the California legislature codified the right to independent counsel in California Civil Code § 2860.

Defendant cites Miller v. Elite Insurance Co., 100 Cal. App. 3d 739 (1980). In Miller, the California court noted that "if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage." 100 Cal. App. 3d at 755 (quoting Insurance Co. of North America v. Atlantic Nat'l Ins. Co., 329 F.2d 769, 775-76 (4th Cir. 1964)). The court concluded that an "insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert such grounds." Id. Because the insurer "was in possession of all facts bearing on the [relevant] claim[,] including potential coverage problems, the amount of damage claimed, offers to compromise the claim and probable liability estimates," but did not reserve its rights, it was "estopped from asserting its coverage defenses" after settling the case on behalf of the insured. Id.

Similarly in Canadian Insurance Co. v. Rusty's Island Chip Co., 36 Cal. App. 4th 491, 498 (1995), the court held that an insurer's "failure to reserve its right to contest coverage under" specific policy provisions "waived its right to assert those exclusions as a basis for denying coverage."

Because Defendant did not assert the knowledge exclusion, thereby precluding it from asserting any coverage defense based upon that exclusion, there could be no conflict of interest and no

United States District Court
For the Northern District of California

right to independent counsel on that basis.

2. Prior Publication and Timing

Plaintiffs also argue that Defendant's assertion of the "prior publication" exclusion in its reservations of rights created a conflict of interest establishing Plaintiffs' right to independent counsel. The "prior publication" exclusion "precludes coverage for the re-publication during the policy period, of publications that were first made before the policy incepted." Defendant's exhibit 4 at 11.

As Defendant points out, although it raised this exception, it did so only as prophylactic measure. There was no present conflict because the allegations regarding any statements made were included as foundational support for the underlying plaintiffs' claims rather than independent causes of action for defamation or invasion of privacy. In the reservation of rights letters, Defendant clearly stated,

> if a potential eventually does develop for damages because of the 'personal and advertising injury' offenses of oral or written publication of material that slanders or libels a person or violates a person's right of privacy, committed during the policy period, Markel will indemnify the Defendants for such damages awarded . . ., subject to the prior publication exclusion if applicable.

Defendant's exhibit 4 at 10-11. California courts have held, "A mere possibility of an unspecified conflict does not require independent counsel. The conflict must be significant, not merely theoretical, actual, not merely potential." Dynamic Concepts v. Truck Ins. Exch., 61 Cal. App. 4th 999, 1007 (1998) (citing Lehto v. Allstate Ins. Co., 31 Cal. App. 4th 60, 71 (1994)).

United States District Court
For the Northern District of California

Plaintiffs similarly argue that Defendant's statement that it would only cover those statements made "during the policy period" created a conflict of interest. Not only was this conflict theoretical as discussed above, but to the extent that the timing of the statements would be essential to any possible claims, whether the statements were made before, during or after the policy period would be a factual issue outside of counsel's control. See Cal. Civil Code § 2860(b) ("when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist").

The reservations of rights related to the timing of Plaintiffs' acts did not create a conflict of interest entitling them to independent counsel.

3. Ambiguity of Coverage Position

Plaintiffs next argue that the reservation of rights created a conflict of interest "by virtue of its ambiguity." Plaintiffs' Cross-Motion at 20. However, Plaintiffs provide no authority for requiring independent counsel when an insurer's reservation of rights is not clear. As with the unasserted knowledge exclusion discussed above, the California courts have held that where an insurer fails to raise an exclusion in its reservation of rights or to "properly advise its insured of the reservation of rights," the insurer "waives its right to assert those exclusions as a basis for denying coverage." Canadian Ins. Co., 36 Cal. App. 4th at 498.

4. Settlement of Cases

Finally, Plaintiffs argue that Defendant's settlement of the

United States District Court
For the Northern District of California

case without their knowledge or consent is evidence of a conflict of interest that entitled them to independent counsel. However, as presently plead, the complaint does not contain allegations regarding the settlement of the cases. Therefore the Court declines to address arguments related to the settlement of the cases.[2]

Because there was no conflict of interest entitling Plaintiffs to independent counsel, the Court grants Defendant's motion for summary judgment on the breach of contract, declaratory relief and reimbursement claims, which are based on allegations of the right to independent counsel, and denies Plaintiffs' motion for partial summary judgment on these claims.

B. Breach of Implied Covenant of Good Faith and Fair Dealing

As stated above, the Court finds that Defendant did not breach its contract with Plaintiffs by refusing to appoint independent

---

[2]However, the Court notes that the cases Plaintiffs cite in support of their argument are distinguishable. In those cases, the courts found fault with the insurers' failure to inform the insureds of offers to settle within policy limits when a finding of liability was likely, thereby harming the plaintiffs when they were later found liable for amounts in excess of their policy limits. See, e.g., Cain v. State Farm Mutual Auto. Ins. Co., 47 Cal. App. 3d 783, 791 (1975) (insurer rejected policy limit settlement offer without notifying insured even though insurer knew that liability likely would exceed the policy limits and there were credibility problems with insured's testimony). As Defendant notes, California courts have clearly held that where an insurance policy includes a provision allowing an insurer to investigate and settle cases, the insurer "has no liability to the insured for settling within the policy limits." New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron, 99 Cal. App. 4th 799, 802 (2002). The policy in this case states, "We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result." Defendant's Exhibit 1 at 1. Further, the Court is unaware of any case law indicating that the settlement of a case without notice to an insured creates a retroactive right to independent counsel.

United States District Court
For the Northern District of California

counsel. Absent a breach of contract, there can be no breach of the implied covenant of good faith and fair dealing. Waller v. Truck Ins. Exchange, 11 Cal. 4th 1, 35-36 (1995), modified, 1995 WL 630039 (October 26, 1995) (citing Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1990)).[3] Therefore, the Court grants Defendant's motion for summary judgment on this claim.

II. Motion for Leave to File an Amended Complaint

Plaintiffs also move for leave to file an amended complaint, "because additional information relating to the subject matter of the existing dispute has been discovered since the filing and serving of the original Complaint." Plaintiffs' opposition and cross-motion at 33. They seek to include allegations regarding Defendant's "failure to provide a full and complete defense to Plaintiffs in the underlying Dungca and Moninger actions," including Defendant's "settling of the Dungca and Moninger actions without the insureds' knowledge, without advising the insureds, without notifying the insureds of related offers and without including them in the settlement process." Id. Defendant does not oppose this motion to the extent it seeks to add new allegations.

---

[3]Plaintiffs' motion to continue these motions for further discovery pursuant to Federal Rule of Civil Procedure 56(f) is DENIED. Plaintiffs seek to depose Defendant's claims people. However, this information is relevant to Defendant's intentions during the claims processing period. Because the Court finds that there was no conflict of interest entitling Plaintiffs to independent counsel as a matter of law, the information Plaintiffs might obtain cannot create a genuine issue of material fact. See Rule 56(f); Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact.").

United States District Court
For the Northern District of California

Because leave to amend is freely given, the Court grants Plaintiffs' motion for leave to file an amended complaint, provided that it is consistent with this order and filed in good faith.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motions for partial summary judgment (Docket No. 11 in 06-5752 and Docket No. 12 in 06-7086), DENIES Plaintiffs' cross-motion for partial summary judgment and GRANTS Plaintiffs' motion for leave to file an amended complaint (Docket No. 53).[4] Plaintiffs may file an amended consolidated complaint within ten days of the date of this order. The complaint must be consistent with the Court's findings in this motion. Defendant shall answer the complaint or file a motion to dismiss within twenty days of the date the consolidated amended complaint is filed. Any motion to dismiss will be heard on Thursday, August 23 at 2:00 PM. A case management conference shall be held at that time whether or not a motion to

---

[4]Defendant's objection to evidence submitted by Plaintiffs is overruled as moot. The Court did not consider any improper or inadmissible evidence in deciding these motions.

The parties also request that the Court take judicial notice of the complaints in the underlying lawsuits. The Court may take judicial notice of a document filed in another court, not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and filing. Simmons v. Am. Airlines, 2002 WL 102604, *1 (N.D. Cal.) (applying Fed. R. Evid. 201). The documents presented by the parties serve to establish the fact that the underlying litigation took place and the allegations that were made against Plaintiffs. Accordingly, the Court GRANTS Plaintiffs' request for judicial notice (Docket No. 60 in 06-5752) and GRANTS Defendant's requests for judicial notice (Docket No. 15 in 06-5752 & Docket No. 14 in 06-7086)

dismiss is filed.  Case management statements should be filed a week in advance.

    IT IS SO ORDERED.

Dated: 6/11/07

                                        CLAUDIA WILKEN
                                      United States District Judge